**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH ADIR CARTER, Jr.,

      Petitioner,                   Civil No. 2:12-CV-15402
                                        HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO APPOINT COUNSEL, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Keith Adir Carter, Jr., ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for felonious assault, M.C.L.A. 750.82; discharge of a firearm in a building, M.C.L.A. 750.234b; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony [felony-firearm], third offense, M.C.L.A. 750.227b; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the

1

*Carter v. McKee,* 2:12-CV-15402

Wayne County Circuit Court. [1]  This Court recites verbatim the relevant facts

relied upon by the Michigan Court of Appeals, which are presumed correct on

habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581

F.3d 410, 413 (6th Cir. 2009):

> Allyn Henderson testified that during a gathering at his house during the early morning hours of August 23, 2008, defendant kept trying to pay a woman, Lisa Hood, to have sex with him.  Defendant began hitting Hood, and some unidentified men pulled him away from her.  Some unidentified men then tried to keep defendant away from Henderson, but defendant managed to run towards him.  At that point Henderson hit defendant with his fist.  Defendant then stumbled and walked "two houses down."  Defendant returned with a gun and "start[ed] firing."  Defendant was firing the gun in Henderson's direction.  Henderson noticed several new bullet holes in his house after the incident.
>
> Hood corroborated Henderson's testimony that defendant solicited sex from her and also assaulted her on the day in question.  She stated that she was inside the house when she heard shots being fired.
>
> Davone Murray testified that he attended the party at Henderson's house.  Murray stated that defendant was arguing and having a physical altercation with a woman and then Henderson "pulled out a big long knife" and subsequently reached for a gun.  Murray said that defendant and Henderson argued and Henderson hit defendant with the gun. Murray then "heard shots." He testified that he did not witness the shooting but that he saw Henderson with a gun and did not see defendant with a gun.
>
> Warren Baker testified that he also attended the party.  He provided testimony substantially similar to Murray's.

---

[1]  Petitioner was acquitted of a charge of assault with intent to commit murder and a charge of assault with intent to do great bodily harm less than murder.

*Carter v. McKee,* 2:12-CV-15402

Defendant testified that he did argue with Hood on the night in question; he stated that they ended up hitting each other. Henderson then struck him with a gun and also fired a shot somewhere, possibly in the air. Defendant stated that he picked a gun off the ground and fired it in the air once or twice to stop Henderson from shooting.

Sergeant James Metiva of the Detroit Police Department testified that he interviewed defendant, who stated the following regarding the incident:

> "I was at 3071 Lakewood at an after hours strip party. Lisa Hood charged me $50.00 for sexual intercourse. I didn't pay her or have sex with her. Allyn wanted to charge me $100.00 so me and Allyn started to argue. He goes in his pocket and pulls out a pistol and hits me in the right ear. Then he fires a shot in the air. Then I pull out my gun and fired a shot in the air. We were outside. More arguing took place and the police came."

*People v. Carter,* No. 289986, * 2 (Mich.Ct.App. May 20, 2010).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 488 Mich. 949; 790 N.W.2d 819 (2010). Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Carter,* No. 08-011715-FC (Third Circuit Court, Criminal Division, July 7, 2011). The Michigan appellate courts denied petitioner leave to appeal. *People v. Carter,* No. 306919 (Mich.Ct.App. May 21, 2012); *lv. den.* 493 Mich. 869; 821 N.W.2d 662 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was denied his right to present a defense by the trial court's refusal to acknowledge a claim of self-defense to felon in possession and felony firearm charges.

3

*Carter v. McKee,* 2:12-CV-15402

II. Petitioner's convictions for felonious assault and discharging a firearm at a building must be reversed because there was insufficient evidence to rebut self-defense beyond a reasonable doubt.

III. Petitioner's confession to police was unconstitutionally obtained when his intoxication and limited mental capacity prevented the knowing and intelligent waiver of his *Miranda* rights.

IV. Due process requires that felony-firearm enhancements be based upon separate criminal episodes. So Petitioner's single prior incident that led to two felony firearm convictions should have only counted once.

V. Petitioner's convictions of felonious assault and discharging a firearm at a building must be reversed where there is insufficient evidence to rebut self-defense.

VI. Petitioner was denied the effective assistance of trial counsel where his counsel failed to properly investigate, request an investigator, order an expert witness, prepare, call and present known witnesses, suppress exculpatory evidence, failed to challenge the prosecutor's use of perjured testimony, and failed to subject the prosecutor's case to an adversarial challenge through cross-examination.

VII. Petitioner was denied his right to effective assistance of appellate counsel by his appellate counsel's failure to investigate and file a requested issue of ineffective assistance of trial counsel.

VIII. Petitioner's confession to police was unconstitutionally obtained when his intoxication and limited mental capacity prevented his knowing and intelligent waiver of his *Miranda* rights.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

4

*Carter v. McKee,* 2:12-CV-15402

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

5

*Carter v. McKee,* 2:12-CV-15402

The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.   Discussion

**A.   Claim # 1.  The right to present a defense claim.**

Petitioner first claims that he was denied his constitutional right to present a defense when the trial judge ruled that self-defense is not a defense to the charges of felon in possession of a firearm or felony-firearm.  The trial judge's ruling was erroneous because self-defense is an available defense both to a charge of felon in possession of a firearm, *See People v. Dupree,* 486 Mich. 693, 705-07, 788 N.W. 2d 399 (2010), and to a charge of felony-firearm. *See People v. Goree*, 296 Mich.App. 293, 302-05, 819 N.W. 2d 82 (2012).

The Michigan Court of Appeals rejected petitioner's claim, on the ground that the trial judge, in his findings of fact, had rejected petitioner's self-defense claim with respect to the assault charges, thus, the outcome of the trial would not

6

*Carter v. McKee,* 2:12-CV-15402

have been different even if the judge had believed that the defense of self-defense was available to the firearms charges. *Carter,* Slip. Op. at * 3.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (*quoting Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

7

*Carter v. McKee,* 2:12-CV-15402

More importantly, a trial court's violation of the right to present a defense is subject to harmless-error review. *See Fleming v. Metrish*, 556 F.3d 520, 536 (6th Cir. 2009).  Under this standard, habeas relief cannot be granted unless the constitutional error in the state criminal trial had a "substantial and injurious effect" on the result. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

The trial judge's mistaken belief that the affirmative defense of self-defense was unavailable to the firearms charges did not have a substantial and injurious effect on the court's verdict, in light of the fact that the judge as trier of fact rejected petitioner's testimony that he acted in self-defense when he fired the weapon.  Because the judge did not believe petitioner's self-defense claim, he would have found petitioner guilty of both firearms charges even if he was aware that self-defense is an affirmative defense to the firearms charges. Because any violation of petitioner's right to present a defense was harmless, petitioner is not entitled to habeas relief on his first claim.

**B. Claims # 2 and # 5.  The sufficiency of evidence claims.**

Petitioner next contends that there was insufficient evidence to convict him of the charges.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397

8

*Carter v. McKee,* 2:12-CV-15402

U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).  The *Jackson* standard applies to bench trials, as well as to jury trials. *See e.g. U.S. v. Bronzino,* 598 F. 3d 276, 278 (6th Cir. 2010).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they

9

*Carter v. McKee,* 2:12-CV-15402

must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir.2003); *See also Butzman v. U.S.,* 205 F. 2d 343, 349 (6th Cir. 1953)(in a bench trial, credibility of witnesses is a question for trial judge).

Petitioner claims that the prosecution presented insufficient evidence to rebut his claim that he acted in self-defense.

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing *People v. Heflin*, 434 Mich. 482; 456 N.W. 2d 10 (1990)). To be lawful self-defense, the

10

*Carter v. McKee,* 2:12-CV-15402

evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002)(citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993); *People v. Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)).  Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself. *Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 202 Mich. App. at 322).  "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

The Michigan Court of Appeals rejected petitioner's claim:

Defendant's argument that the prosecutor presented insufficient evidence to rebut defendant's claim of self-defense is without merit. Henderson's testimony in particular indicated that defendant *walked away from the scene and then returned to fire a gun*.  This was sufficient to prove that defendant committed the crimes in question without honestly and reasonably believing that his life was in imminent danger or that there was a threat of serious bodily harm.  While the

11

*Carter v. McKee,* 2:12-CV-15402

testimony from various witnesses differed, "[a]ll conflicts with regard to the evidence must be resolved in favor of the prosecution."

*Carter,* Slip. Op. at * 3(emphasis original, internal citations omitted).

The Michigan Court of Appeals' rejection of petitioner's claim was reasonable.  When viewed in the light most favorable to the prosecution, the evidence established beyond a reasonable doubt that petitioner left the scene after the initial altercation and returned to discharge a firearm.  This evidence, if believed, rebutted petitioner's self-defense claim because it established that petitioner did not honestly and reasonably believe that his life was in danger when he fired his weapon. *See e.g. Johnigan v. Elo,* 207 F. Supp. 2d at 609 (evidence sufficient to negate petitioner's self-defense claim when petitioner returned to his apartment after initial confrontation with victim before coming back thirty minutes later and shooting the victim in the back while he was getting his mail).

Moreover, although petitioner presented several witnesses to support his version of events, the judge as fact finder chose to disbelieve their testimony.  A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to

12

*Carter v. McKee,* 2:12-CV-15402

that resolution." *Cavazos,* 132 S. Ct. at 6 (quoting *Jackson v. Virginia,* 443 U.S.

at 326).  Although there may have been some evidence to support petitioner's

self-defense claim and petitioner has given interpretations to the evidence that

differ from the state court's interpretation of the evidence, "in light of the

deference to be accorded to state-court factfinding under § 2254(e), as well as

the traditional deference accorded to the [factfinder's] resolution of disputed

factual issues," petitioner is unable to show that the Michigan Court of Appeals'

unreasonably determined that the prosecutor disproved petitioner's self-defense

claim. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).  Because the

judge essentially chose to reject petitioner's testimony that he acted in self-

defense, which is a credibility determination that this Court must defer to,

petitioner is not entitled to habeas relief on his sufficiency of evidence claim. *See*

*Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 597-98 (E.D. Mich. 2001).

To the extent that petitioner challenges the credibility of the prosecution

witnesses, he would not be entitled to habeas relief.  Attacks on witness

credibility are simply challenges to the quality of the prosecution's evidence, and

not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th

Cir. 2002).  An assessment of the credibility of witnesses is therefore generally

beyond the scope of federal habeas review of sufficiency of evidence claims.

*Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of

13

*Carter v. McKee,* 2:12-CV-15402

sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Moreover, when evidence in a bench trial "consists largely of contradictory oral

evidence, due regard must be accorded the trial court's opportunity to judge the

credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d

821, 827 (D. Virgin Islands 2001).  In this case, the trial court judge chose to

credit the prosecution witnesses' testimony and not to believe petitioner's

version of events.  This Court must defer to the trial court's finding beyond a

reasonable doubt that these witnesses were credible. *Id.* at 828.

Petitioner also claims that the trial judge's findings of fact were

inadequate.

Under Michigan law, a trial court judge in a bench trial is required to make

separate findings of fact and conclusions of law, because this facilitates the

appellate review process. *Campbell v. Grayson,* 207 F. Supp. 2d 589, 596 (E.D.

Mich. 2002)(citing to *People v. Johnson,* 208 Mich. 137, 141; 526 N.W. 2d 617

(1994)).  However, there is no Supreme Court precedent which establishes that

a trial court judge, sitting as a trier of fact, must make any specific findings as to

each element of a crime to satisfy federal constitutional concerns. *See Wofford

v. Straub,* 27 Fed. Appx. 517, 520 (6th Cir. 2001).  Therefore, to the extent that

the trial court made inadequate findings of fact or conclusions of law, this would

be insufficient to grant habeas relief to petitioner.  Accordingly, petitioner is not

14

*Carter v. McKee,* 2:12-CV-15402

entitled to habeas relief on his second and fifth claims.

### C.  Claims # 3 and # 8.  The *Miranda* claims.

Petitioner next contends that the trial judge should have suppressed his statement to Sergeant Metiva, on the ground that it he involuntarily waived his *Miranda* rights due to petitioner's intoxication, physical injuries that he was still suffering from, and his limited mental capacity.  Petitioner also claims that he Sergeant Metiva had continued interrogating him after he had requested a lawyer.

The Michigan Court of Appeals rejected petitioner's claim:

Metiva testified as follows during a pretrial hearing:  He read defendant his constitutional rights and defendant initialed them.  Defendant indicated to Metiva that he understood his rights.  Defendant appeared to understand what Metiva was saying and never complained of being injured or ill.  Defendant stated that he had had nine years of schooling.  At no time did defendant indicate that he wanted a lawyer or that he did not want to speak with Metiva.  Metiva did not recall defendant's having had "the appearance of strong fatigue."  Defendant did not appear to be visibly intoxicated when Metiva spoke with him, and did not appear to be mentally disabled to Metiva when Metiva was reading him his rights.

Defendant testified that he was "[h]urting" and "high" during the interrogation.  He also testified that he attended "special ed classes" for reading and English during school.  Defendant stated that he needed to go to the hospital during the interrogation because he had been "pistol-whipped."  Defendant further stated that he asked for a lawyer.  Defendant was arrested at 4:00 a.m. and was interrogated at 10:00 a.m.  He claimed that "Ecstasy pills ... last longer than six hours."

15

*Carter v. McKee,* 2:12-CV-15402

The court ruled, in part:

> [Defendant] indicated, in fact, that he understood he had a right to counsel. In fact, he claims that he asserted that. And the-the reason that he understands that obviously is because of his prior experience with the criminal justice system.
>
> The-and the defendant acknowledges that he made most of the statements in that statement ... except disclaims the inculpatory statements.... No question that that's a signature, no question about his initials, no question that he understood-understood what was read to him.
>
> The statement is admissible in this particular case.... The-based upon the evidence and the testimony and my assessment of the credibility of the witnesses.

We find no basis for reversal. Sergeant Metiva's testimony sufficiently established the voluntariness of defendant's statement. Moreover, the trial court assessed the credibility of the witnesses and concluded that admission of the statement was appropriate. As noted earlier, we must "give[ ] deference to a trial court's findings, unless they are clearly erroneous." The findings were not clearly erroneous.

*Carter,* Slip. Op. at * 4 (internal citation omitted).

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475 (1966). Coercive police activity is a necessary predicate to finding that a defendant's waiver of his *Miranda* rights was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986). A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Id.* at 164-65. "[W]hile mental

16

*Carter v. McKee,* 2:12-CV-15402

condition is surely relevant to an individual's susceptibility to police coercion,

mere examination of the confessant's state of mind can never conclude the due

process inquiry." *Connelly*, 479 U.S. at 165.

Likewise, in determining whether a confession is voluntary, the ultimate

question for a court is "whether, under the totality of the circumstances, the

challenged confession was obtained in a manner compatible with the

requirements of the Constitution." *Miller v. Fenton,* 474 U.S. 104, 112 (1985).

These circumstances include:

1. police coercion (a "crucial element");
2.  the length of interrogation;
3. the location of interrogation;
4. the continuity of the interrogation;
5. the suspect's maturity;
6. the suspect's education;
7. the suspect's physical condition and mental health;
8. and whether the suspect was advised of his or her *Miranda* Rights.

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).

All of the factors involved in the giving of the statement should be closely

scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).  However,

without coercive police activity, a confession should not be deemed involuntary.

*Colorado v. Connelly,* 479 U.S. at 167.

In considering federal habeas petitions, a federal district court must

presume the correctness of state court factual determinations, and a habeas

17

*Carter v. McKee,* 2:12-CV-15402

petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. at 112.  Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 Fed. Appx. 406, 412 (6th Cir. 2004); The presumption of correctness also "also applies to those implicit findings of fact that are inherent in [a state court's] resolution of conflicting evidence." *McPherson v. Woods*, 506 Fed. Appx. 379, 387 (6th Cir. 2012); *See also McQueen v. Scroggy*, 99 F. 3d 1302, 1310 (6th Cir. 1996)(implicit findings are also presumed to be correct "because of the trial court's ability to adjudge the witnesses' demeanor and credibility").

Although the trial court judge did not explicitly reject petitioner's claims that he was intoxicated, injured, unable to understand his rights, or had invoked his

18

*Carter v. McKee,* 2:12-CV-15402

right to counsel, by rejecting petitioner's claim that his confession was involuntary, the judge implicitly rejected petitioner's testimony that he was intoxicated, injured, unable to understand his constitutional rights, or had requested counsel.  The trial judge's analysis in denying petitioner's motion to suppress necessarily required a credibility determination concerning whether petitioner should be believed concerning the factual allegations underlying his claim that his confession was involuntary. *McPherson,* 506 Fed. Appx. at 388. The judge clearly chose to reject petitioner's testimony on the factual allegations underlying his Fifth Amendment claim.  Indeed, "a contrary factual finding would have required suppression of [petitioner's] statement" and in reviewing petitioner's claim, this Court is "permitted to reason backward from a legal conclusion to establish the factual findings that sustain it." *Id.*  Because the trial judge's rejection of petitioner's involuntary statement claim was clearly based on the judge's determination that petitioner's factual allegations were not credible, petitioner is not entitled to habeas relief on his claim in the absence of clear and convincing evidence to the contrary.

Petitioner's related claim that his statement should have been suppressed because police failed to make an audio or video recording of it is not cognizable on federal habeas review, since the United States Supreme Court has not established a federal constitutional right to have police interrogations audio or

19

*Carter v. McKee,* 2:12-CV-15402

videotaped. *See Brown v. McKee,* 231 Fed. Appx. 469, 475 (6th Cir. 2007);

*Crenshaw v. Renico,* 261 F. Supp. 2d 826, 837 (E.D. Mich. 2003).  Given the

lack of holdings by the Supreme Court on the issue of whether a defendant has

a constitutional right to have his confession audio or videotaped, the Michigan

Court of Appeals' rejection of petitioner's claim was not an unreasonable

application of clearly established federal law. *See Carey v. Musladin,* 549 U.S.

70, 77 ( 2006).

Moreover, assuming that petitioner's statement to the police should have

been suppressed, petitioner is unable to establish that he is entitled to habeas

relief in light of the fact that admission of the statement against him at trial was

harmless error at most.  Harmless-error analysis applies to coerced or

involuntary confessions. *Arizona v. Fulminante*, 499 U.S. 279, 295 (1991).

Petitioner's statement to the police, even if involuntary, was harmless in view of

the fact that the contents of the statement were substantially identical to

petitioner's testimony at trial that he had acted in self-defense. *See Walendzinski

v. Renico,* 354 F. Supp. 2d 752, 761 (E.D. Mich. 2005).  Petitioner is not entitled

to habeas relief on his fourth claim.

### D.  Claim # 4.  The felony-firearm claim.

Petitioner next contends that he should not have been convicted of felony-

firearm, third offense, either because his two prior felony-firearm convictions

*Carter v. McKee,* 2:12-CV-15402

were from the same date and should have only counted as his first felony-firearm conviction, or because there was insufficient evidence to convict him of these earlier felony-firearm charges. [2]

Petitioner's claim that he received an improper enhancement under Michigan's felony-firearm statute for a third offense is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner is not entitled to habeas relief on his fourth claim.

**E. Claims # 6 and # 7. The ineffective assistance of counsel claims.**

Petitioner lastly claims that he was deprived of the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong

---

[2] Felony-firearm, third offense carries a mandatory ten year sentence. *See People v. Stewart*, 441 Mich. 89, 90, 490 N.W.2d 327 (1992).

*Carter v. McKee,* 2:12-CV-15402

presumption that counsel's behavior lies within the wide range of reasonable

professional assistance. *Id.* In other words, petitioner must overcome the

presumption that, under the circumstances, the challenged action might be

sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must

show that such performance prejudiced his defense. *Id.* To demonstrate

prejudice, the defendant must show that "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a

demanding one. 'The likelihood of a different result must be substantial, not just

conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting

*Harrington v. Richter*, 131 S. Ct. at 792). The Supreme Court's holding in

*Strickland* places the burden on the defendant who raises a claim of ineffective

assistance of counsel, and not the state, to show a reasonable probability that

the result of the proceeding would have been different, but for counsel's

allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27

(2009). The *Strickland* standard applies as well to claims of ineffective

assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir.

2005).

Petitioner first claims that his trial counsel was ineffective for failing to call

an expert at the suppression hearing to establish that he was intoxicated at the

22

*Carter v. McKee,* 2:12-CV-15402

time that he made his statement to Sergeant Metiva, so as to support his claim that his statement was involuntary.

Petitioner has presented no evidence to this Court that he has an expert who would be willing to testify that petitioner was still under the influence of drugs or alcohol at the time that he spoke with Detective Metiva.  A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F. 3d 662, 672 (6th Cir. 2006).  Moreover, as the Court indicated in rejecting petitioner's claims involving the voluntariness of his statement, the admission of his statement was harmless error at most in light of the fact that his statement to the police basically mirrored his trial testimony.  "[T]he prejudice question, for purposes of an ineffective assistance of counsel claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp. 2d 700, 711 (E.D. Mich. 2004).  Because the admission of petitioner's statement to Sergeant Metiva was harmless error at most, counsel's failure to call an expert to assist with the suppression of this statement did not prejudice petitioner.

Petitioner next claims that trial counsel was ineffective for failing to hire a private investigator to assist the defense.  Petitioner, however, has failed to show that counsel would have obtained beneficial information had she hired an

23

*Carter v. McKee,* 2:12-CV-15402

investigator, thus, he has failed to establish that he was prejudiced by counsel's

failure to hire an investigator. *See Welsh v. Lafler*, 444 Fed. Appx. 844, 851 (6th

Cir. 2011)(defense counsel's failure to hire private investigator did not prejudice

defendant, and thus was not ineffective assistance; defendant failed to present

sufficiently detailed and convincing account of what additional facts investigator

could have discovered in support of defendant's innocence).

Petitioner next contends that trial counsel was ineffective for failing to call

witnesses on his behalf.   Petitioner failed to attach any affidavits from these

witnesses to his state post-conviction motion for relief from judgment or to his

post-conviction appeals, nor has he provided this Court with any affidavits from

these witnesses concerning their proposed testimony and willingness to testify

on the petitioner's behalf.   Conclusory allegations of ineffective assistance of

counsel, without any evidentiary support, do not provide a basis for habeas

relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).   Petitioner has

offered, neither to the Michigan courts nor to this Court, any evidence beyond his

own assertions as to whether the witnesses would have been able to testify and

what the content of these witnesses' testimony would have been.   In the

absence of such proof, petitioner is unable to establish that he was prejudiced by

counsel's failure to call these witnesses to testify at trial, so as to support the

second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,*

24

*Carter v. McKee,* 2:12-CV-15402

490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner next claims that his trial counsel was ineffective for failing to challenge the perjured testimony of the witnesses. Petitioner essentially argues that his trial counsel's cross-examination of the witnesses was deficient. Trial counsel, however, cross-examined the witnesses in this case. Defense counsel did not perform ineffectively in her cross-examination of the witnesses, particularly when the effect of further probing was entirely speculative on petitioner's part. *See Jackson v. Bradshaw,* 681 F.3d 753, 764-65 (6th Cir. 2012).

Petitioner next claims that his trial counsel suppressed a videotape that would have assisted his defense. The trial court rejected petitioner's claim on post-conviction review, on the ground that petitioner failed to show that any such videotape existed. *People v. Carter,* No. 08-011715-FC, Slip. Op. at * 5. The Court will likewise reject petitioner's claim because it is conclusory and unsubstantiated.

In his seventh claim, petitioner claims that appellate counsel was ineffective for failing to raise some of the claims that he has raised in this petition.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a

25

*Carter v. McKee,* 2:12-CV-15402

constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This Court has already determined that petitioner's claims are without merit.   "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in her handling of petitioner's direct appeal.  Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

### F.  The motion to appoint counsel.

Petitioner has filed a motion for the appointment of counsel.

The Court will deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### G.  A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA

26

*Carter v. McKee,* 2:12-CV-15402

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an

*Carter v. McKee,* 2:12-CV-15402

appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Carter is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (Dkt. # 11) is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 6, 2014      Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 6, 2014, by electronic and/or ordinary mail.
s/Catherine A. Pickles
Judicial Assistant

28